UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO1:15-cv-62113-Valle

VROLET BOTTING, MELISSA BIEBER,
for and on behalf of other employees similarly,

    Plaintiff,
v.

CINDY A. GOLDSTEIN, P.A.,

    Defendant.
_____

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE

Pursuant to SD Fla. LR 7.1 and this Court's Order [DE 59], the Parties *jointly* move this Court to approve the confidential Settlement Agreement entered into by the Parties on December 30, 2015 and dismiss this case with prejudice, and in support state:

    1. On October 7, 2015, Plaintiffs filed a complaint alleging Defendants violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201-216 and claiming unpaid overtime compensation, unjust enrichment and violation of the Florida Private-Sector Whistleblowers' Act. [DE 1]

    2.    The parties jointly confirm that they had a bona fide dispute under the FLSA and that they are resolving this matter in order to avoid the cost and time of litigating the issues. All parties have been represented by counsel throughout the litigation.

1

3. The parties represent that this settlement reflects a reasonable compromise of a bona fide dispute over the provisions of the FLSA, as well as the Florida statutory and common law claims.

4. Aside from the named-Plaintiffs, Irene Carrasquillo joined in the suit, attended mediation, and resolved her issues with the benefit of representation of counsel for Plaintiffs.

5. Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect. See Lynn's Food Stores, Inc. v United States, etc. 679 F. 2d 1350, 1352-1353 (11th Cir. 1982). Accordingly, the Parties provide the Court with the three Settlement Agreements on this same date pursuant to DE 59.

WHEREFORE the parties respectfully request dismissal, with prejudice, of this action upon approval by the Court and for the Court to retain jurisdiction in the case of breach, for 60 days from the date of dismissal.

Respectfully submitted this 11th day of January 2016.

s/ Gina Cadogan
Gina Marie Cadogan, Esquire
Florida Bar No.: 177350
CADOGAN LAW
300 S. Pine Island Road, Suite 107
Plantation, Florida 33324
954-606-5891
877-464-7316
gina@cadoganlaw.com

s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573
5613 NW 117th Ave.
Coral Springs, FL 33076
561-271-1678
gulisanomichael@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of January 2016, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Gina Cadogan*
GINA MARIE CADOGAN
Fla. Bar. 177350
CADOGAN LAW
300 S. Pine Island Road, Suite 107
Plantation, Florida 33324
Tel: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com

## SERVICE LIST
*Botting v. Cindy A. Goldstein, PA~CASE NO1:15-cv-62113-Valle*

Michael Gulisano
5613 NW 117th Ave.
Coral Springs, FL 33076
561.271.1678
gulisanomichael@gmail.com
*Counsel for Plaintiff*
[CM/ECF]