UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CV-62113-VALLE

**CONSENT CASE**

VROLET BOTTING, et al.,

    Plaintiffs,

v.

CINDY A. GOLDSTEIN, P.A.,

    Defendant.

_____/

**ORDER APPROVING SETTLEMENT AGREEMENTS
AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER is before the Court on the Joint Motion to Approve Settlement and Dismiss Case with Prejudice (ECF No. 60) (the "Joint Motion"). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 55 and 57).

This is a Fair Labor Standards Act ("FLSA") case involving claims for alleged violations of the FLSA, 29 U.S.C. § 201 *et seq.*, unjust enrichment, and alleged violations of Florida's Private Sector Whistleblower Act. *See* (ECF No. 21). On December 30, 2015, the parties attended mediation, during which a settlement was reached. *See* (ECF No. 52). On January 11, 2016, the parties filed the instant Joint Motion seeking the Court's approval of three written Settlement Agreements (the "Settlement Agreements") under 29 U.S.C. § 216(b). *See* (ECF No. 60).

On January 14, 2016, the Court entered an Order requiring supplemental submissions to clarify certain issues in the Settlement Agreements. *See* (ECF No. 62). In compliance with this

Court's Order, on January 19, 2016, Plaintiffs submitted a Supplemental Settlement Clarification and copied Defendant's counsel, who did not object. Accordingly, the January 19, 2016, Supplemental Settlement Clarification is incorporated and made part of the Settlement Agreements submitted to the Court.

Before a court may approve a settlement of FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1233 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Here, the parties have submitted their Settlement Agreements for the Court's review. In scrutinizing the Settlement Agreements, the Court considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court also considered that Plaintiffs' claims were disputed as to liability and amount and that the parties were represented by counsel. Lastly, the Settlement Agreements specify the portion of the

settlement amount that is designated for wages, damages, and attorney's fees and costs. Accordingly, the Court finds that the Settlement Agreements are fair and reasonable resolutions of bona fide FLSA disputes.

The Court has also reviewed "the reasonableness of [Plaintiffs'] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. App'x 349, 351 (11th Cir. 2009). Having done so, the Court found that the amount of the settlement proceeds attributable to Plaintiffs' counsel's legal fees was reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)  The Joint Motion to Approve Settlement and Dismiss Case with Prejudice (ECF No. 60) is **GRANTED**, the Settlement Agreements are **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(2)  The Court retains jurisdiction for sixty (60) days from the date of this Order to enforce the terms of the Settlement Agreements.

(3)  The Clerk of Court is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on February 1, 2016.

*[signature: Alicia O. Valle]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record